UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SISTER LASHON HARPER

    Plaintiff,
 vs.
              3:12-CV-0646
NEW YORK CHILD WELFARE COMMISSIONERS,
ADMINISTRATION FOR CHILDRENS SERVICES,
BROOME COUNTY DEPARTMENT OF SOCIAL
SERVICES and BROOME COUNTY CHILD
PROTECTIVE SERVICES,

    Defendants,

---

SISTER LASHAN HARPER

    Plaintiff        9:12-CV-0735
 vs.

JOHN DOES 1 - 10,

    Defendants.

---

APPEARANCES:           OF COUNSEL:

SISTER LASHON HARPER
Plaintiff, *Pro Se*

**Norman A. Mordue, U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

**I. Introduction**

  Presently before the Court are two actions (Case No. 3:12-CV-0646 and Case No. 9:12-CV-0735) commenced by the *pro se* plaintiff. Hon. David E. Peebles, United States Magistrate has prepared a Report-Recommendation and Order which recommends consolidation and dismissal of both actions for failure to state a cause of action with leave to replead. In lieu of

filing objections to the Magistrate Judge's Report-Recommendation, plaintiff has filed a 186 page amended complaint (Dkt # 8) with 167 pages of exhibits. Subsequent to filing her amended complaint, plaintiff filed a motion (Dkt # 9) seeking "immediate custody" of her daughter and to "vacate" a "void judgment."

**II.     Factual and Procedural background**

As an initial matter, the Court finds that the filing of the Amended Complaint rendered moot the Report-Recommendation insofar as it consideration of the substance of the original two complaints. However, the Court adopts the findings of the Report-Recommendation concerning Magistrate Judge Peeble's determination of plaintiff's entitlement to IFP status.

The Court notes its obligation nonetheless to consider the sufficiency of the allegations set forth in plaintiff's amended pleading in light of 28 U.S.C. §1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (I) is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B). Thus, the Court has a gatekeeping responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*. *See id.* Turning to the allegations in the amended complaint, they appear to be related to various encounters plaintiff had with ambulance personnel, health care providers, child and social welfare agencies, lawyers, judges, and other civil and law enforcement personnel in connection with the birth of her child and subsequent DSS and family court proceedings concerning custody and visitation with her child. In her extremely long, disjointed and rambling amended complaint, plaintiff provides few facts. The Court has reviewed the entire pleading and pieced together the following scenario from the information and various

documents attachments thereto. It appears that plaintiff gave birth to a baby girl on or about June 24, 2011, either at Lourdes Hospital in Binghamton, New York or *en route* to said hospital in an ambulance. Plaintiff devotes a considerable amount of time in her amended complaint detailing the actions of an EMS worker in the ambulance which transported her to the hospital. Plaintiff states that this man, a blonde man named Adam, "rubbed her clitoris," allegedly to prevent excessive bleeding, and no one did anything to stop him although they knew what he was doing. Plaintiff also alleges that personnel including nurses at the hospital were not prepared for her and that the room where she and her baby stayed was unsanitary. Plaintiff seems to allege medical malpractice on the part of the nurses, doctors and Lourdes Hospital itself.

It appears that plaintiff's child was removed from her custody very shortly after birth due to alleged neglect. Attached to the amended complaint is an Order of the Broome County Family Court dated March 30, 2012, indicating that all matters relating to neglect, custody and limited visitation rights of her child were dismissed without prejudice. Also included, however, is a letter from plaintiff's attorney to the Broome County Family Court judge dated May 11, 2012, which purports to relate to an ongoing "trial" of an unsupervised visitation rights matter. Complicating matters further is the motion filed by plaintiff concerning her request for immediate custody of her daughter and an order vacating a "void judgment." In this motion, plaintiff asserts that her daughter was "illegally kidnaped" by defendants on June 24, 2011, that a Broome County Family Court Judge is allowing Department of Social Services' ("DSS") personnel to be witnesses for plaintiff's baby's father. Plaintiff states that her visits have been illegally revoked and unannounced and that she is not certain where her child is. It is wholly unclear to the Court what plaintiff's actual status is vis-a-vis her child regarding custody and visitation rights.

There are documents attached to the amended complaint that shed some light on the DSS determination to bring neglect charges against plaintiff. In a December 14, 2011, letter from DSS to plaintiff, a caseworker advised plaintiff that a supervised visit with her daughter had been scheduled for December 20, 2011. The caseworker, Heather Denton, and her supervisor, both of whom are named as defendants in this lawsuit, advise plaintiff that she was expected to provide proper care for her child during the visit and that she could not be under the influence of drugs or alcohol. The letter states that during plaintiff's last visits, the baby was scheduled to eat and plaintiff was "asked to feed her several times and refused." Ms. Denton wrote that she believed this was the reason that the baby cried throughout the entire visit. Ms. Denton also wrote that plaintiff would be required to face her caseworker during the supervised visit for safety reasons and not keep her back to Ms. Denton and the supervisor. The caseworker also asked plaintiff not to attempt to breast feed her baby due to the extended period of time it had been since she last saw the baby and instructed her to bring baby food to the visit from an approved list in unopened jars.

In the May 11, 2012, letter from plaintiff's attorney to the Broome County Family Court Judge adjudicating a visitation matter involving plaintiff, states that DSS alleged plaintiff was violent, used drugs and was not cooperative with DSS. DSS also asserted that plaintiff was charged with criminal mischief in the 4th degree. The letter from plaintiff's attorney makes reference to an objectionable "ritual" noted by DSS in which plaintiff laid her baby down, undressed her, checked her diaper and wiped her down with sanitized wipes even after being told not to do so by DSS personnel.[1] Plaintiff's attorney also stated that a supervised visit with her

---

[1] Apparently, plaintiff had a concern about animal hairs being on the baby and attempted to remove them with the wipes. Indeed, the Court notes in the three pleadings that plaintiff has presented to this Court in this matter, plaintiff has devoted substantial portions of time discussing various instances in which she found animal hairs on her infant daughter.

4

daughter was "cut short" because plaintiff was giving her baby food that was "for a different stage [than] the baby's age."

The amended complaint names as defendants the New York Child Welfare Commissioners, the State of New York Administration for Children's Services, and the Broome County Department of Social Services. Plaintiff also names as defendants her case worker Heather Denton and all other case workers, social workers, supervisors, directors, and trainees at DSS. Also named as defendants are every lawyer, judge, clerk, supervisor, law guardian, foster care parent, child care facilitator and security guard involved in plaintiff's case. Plaintiff also named the New York City Mayor and Commissioner of New York State Welfare as defendants.

In her first cause of action, she asserts violation of the New York State Constitution, violation of civic rights, violation of human rights, violation of crime victims' rights, violation of New York State rights, and violation of privacy laws. In the second cause of action, she claims judicial malpraction (sic), judicial misconduct, judicial corruption, lawyer/attorney malpractice, lawyer/attorney misconduct, lawyer/attorney corruption, profession misconduct, profession malpractice, profession corruption, sexual assault, medical malpraction (sic). Finally, in the third cause of action, plaintiff alleges intimidation, aggravated harassment, mental anguish, fraud, intentional infliction of emotional distress, illegal studies, abuse of authority; violation of court orders, false arrest/[incarceration],organized discrimination, organized systematic stalking, slander, pathological lying, exploitation, extortion, illegal kidnaping, child racketeering.

**III.    Discussion**

A.    The Amended Complaint

In deciding whether a complaint states a colorable claim a court must extend a certain measure of deference towards pro se litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990)

5

(per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (1983).  There is, nonetheless, an obligation on the part of the court to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint sua sponte notwithstanding fact the plaintiff has paid statutory filing fee); *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (district court has power to dismiss case *sua sponte* for failure to state a claim).

"Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 3:99-MC-304, 3:99-MC-408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (Burns J.) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) and *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir.1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court may also look to the Fed. R. Civ. P..  Rule 8 of the Fed. R. Civ. P. provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief [.]" Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and]

6

prepare an adequate defense.'" *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

    The only specific factual allegations in the amended complaint relate to the alleged sexual assault that occurred in the ambulance and the alleged medical malpractice or unsanitary conditions that occurred at the hospital in this case. According to plaintiff, the ambulance worker was a "Town of Union" employee. However, the Court notes that the ambulance worker was likely part of a volunteer EMS squad in the Town of Union, New York. The actions of the EMS worker and hospital employees, illegal and wrongful if they occurred, do not provide this Court with a basis for federal or diversity subject matter jurisdiction. Insofar as her claims under 42 U.S.C. § 1983, plaintiff makes only vague factual allegations concerning wrongdoing by the judges, case workers, social workers and other people assigned to work with her and her daughter. Plaintiff asserts that her daughter was illegally kidnaped and her visits have been illegally revoked and unannounced but provide no further facts in support of these claims. Plaintiff also suggests that her baby's father has custody of her while also stating she does not know where her daughter is.

    The amended complaint is replete with legal conclusions regarding alleged wrongdoing in this case but these conclusory statements are insufficient. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atlantic Corp. v. Twombly* , 550 U.S. at 555, 570 (2007). Where the allegations in a pleading do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *See id.*

A *pro se* litigant's complaint should be read liberally, and the *pro se* litigant should be granted leave to amend a complaint at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated.*"* *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). In this case, plaintiff has already filed an extensive amended complaint which the Court has considered. The Court finds that a fair reading of the entire record, including the recent motion filed by plaintiff, suggests that plaintiff could possibly advance facts in support of a viable claim under 42 U.S.C. § 1983. In light of her *pro se* status, the Court will afford plaintiff one further opportunity to amend her complaint if she desires to proceed with this action. Any amended complaint submitted in response to this Memorandum-Decision and Order must set forth a short and plain statement of the facts plaintiff relies on in support of her claim that the individuals named as defendants engaged in acts of misconduct or wrongdoing which violated her constitutional rights.

As noted above, an individual cannot be held liable for damages under § 1983 merely because he or she held a position of authority. *See Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir. 1996) (citations omitted). "Further, a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at \*2 (S.D.N.Y. Mar. 31, 2008) (citing *Bass v. Jackson*, 790 F.2d 260, 263 (2d

Cir. 1986). Thus, any further amended pleading filed by plaintiff must include allegations of fact against each defendant sufficient to demonstrate their personal involvement in the matters complained of.

Plaintiff's second amended complaint, which shall supersede and replace in its entirety the original complaint in this case (3:12-CV-0646) as well as the original complaint in the companion case (3:12-CV-0735) in addition to the amended complaint which is the subject of this Memorandum-Decision and Order, must be a complete pleading which sets forth all of the claims that she wants this Court to consider as a basis for awarding relief herein. Plaintiff is advised that her failure to file a second amended complaint **within thirty (30) days** of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further Order of the Court.

B.  Plaintiff's Motion

As referenced above, plaintiff filed a motion subsequent to filing her amended complaint for immediate custody of her daughter and to vacate a void judgment. There are few factual averments in said motion and it does not suggest that imminent harm will come to plaintiff or her daughter if immediate relief is not granted to her. Moreover, the Court notes that there has been no viable complaint filed yet in this action. There are no causes of action pending and no named defendants. Thus, the Court cannot grant the relief requested by plaintiff at this time, particularly in the absence of facts setting forth her legal entitlement to such relief. Based thereupon, her motion must be denied.

**IV.  Conclusion**

WHEREFORE, it is hereby

9

ORDERED that the Clerk of Court correct the division from 9 to 3 in case number 9:12-CV-0735; and it is further

ORDERED that these two actions be and hereby are consolidated with the first filed action (Civil Action No. 3:12-CV-0646) being designated as the lead case and the action subsequently commenced by plaintiff in the E.D.N.Y. and transferred to the N.D.N.Y. (Civil Action No. 3:12-CV-0735) being designated as the member case, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, solely for purposes of pretrial proceedings, without prejudice to the right of one or both parties to later apply to the assigned trial judge for an order consolidating the cases for trial; and it is further

ORDERED, that the clerk's office adjust its records to reflect that 3:12-CV-0646, will be designated as the lead case; and it is further

ORDERED that plaintiff's application to proceed *in forma pauperis* (Dkt. # 2) is **granted**; and it is further

ORDERED that plaintiff is granted leave to file a second amended complaint as set forth above **within thirty (30) days** from the date of the filing of this Decision and Order.  The Clerk is directed to send plaintiff a blank § 1983 complaint form and a copy of her amended complaint for use in preparing a second amended complaint; and it is further

ORDERED that in the event plaintiff fails to file a signed second amended complaint **within thirty (30) days** from the date of the filing of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Order, without further order of this Court; and it is further

ORDERED that upon the filing of plaintiff's second amended complaint this matter be returned to the Court for further review; and it is further

ORDERED that plaintiff's motion for immediate custody of her daughter and to vacate a void judgment is DENIED without prejudice; and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on plaintiff .

IT IS SO ORDERED.

Date:   July 26, 2012

_____
Honorable Norman A. Mordue
U.S. District Judge